IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**PAUL DAVIDSON**                                                                                                    **PLAINTIFF**

v.                                      Case No. 3:20-cv-00063 KGB

**UNION PACIFIC RAILROAD COMPANY**                                                      **DEFENDANT**

<u>ORDER</u>

Pending before the Court is a motion to compel filed by defendant Union Pacific Railroad Company ("Union Pacific") (Dkt. No. 15). Plaintiff Paul Davidson responded in opposition to the motion (Dkt. No. 17). Union Pacific filed a supplement to its motion to compel, and Mr. Davidson filed a supplement in opposition (Dkt. Nos. 18, 19). For the following reasons, the Court grants the motion to compel (Dkt. No. 15).

I.   **Background**

Mr. Davidson in his operative first amended complaint brings claims against Union Pacific under two federal statutes, the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, and the Safety Appliance Act, 49 U.S.C. § 20302 *et seq.*, and asserts federal question jurisdiction (Dkt. No. 13, ¶ 7). At all times relevant to his complaint, Mr. Davidson was employed by Union Pacific as a conductor and engineer (*Id.*, ¶ 6). He maintains that a handbrake on a train in use on Union Pacific's main track did not safely or efficiently release and that, as a result, he "suffered serious injuries." (*Id.*, ¶¶ 11-13). Mr. Davidson claims that he suffers from "pain and mental anguish," has undergone treatment but continues to suffer "from pain and limitations," and seeks "lost wages, fringe benefits and will in the future lose further such wages and fringe benefits" and has and will incur costs for treatment, among other things (*Id.*, ¶¶ 15-16). He asserts that he has experienced "pain and suffering and will in the future have pain and suffering as a result of Defendant's

negligence" and that his "ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Davidson's damage." (*Id.*, ¶ 17).

Union Pacific represents that, in response to the first set of interrogatories and requests for production of documents propounded by Union Pacific, Mr. Davidson limited Union Pacific's access to medical and other health records regarding Mr. Davidson's right shoulder only (Dkt. No. 15, ¶¶ 1-2). Union Pacific moves pursuant to Federal Rule of Civil Procedure 37(a) for the Court to compel Mr. Davidson to produce or permit inspection of his medical records as initially requested. Mr. Davidson asserts that he should not have to provide records or sign authorizations allowing Union Pacific access to any records other than his upper extremities because of the physician/patient privilege found in Rule 503 of the Arkansas Rules of Evidence (Dkt. No. 17, at 10-11).

**II.     Analysis**

Mr. Davidson cites Rule 503 of the Arkansas Rules of Evidence, which addresses physician and psychotherapist-patient privilege under Arkansas law and provides in pertinent part:

> (b) General Rule of Privilege. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing his medical records or confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.
>
> . . .
>
> (d) Exceptions:
>
> . . .
>
> (3) Condition and element of claim or defense.
>
> A. There is no privilege under this rule as to medical records or communications relevant to an issue of the physical, mental, or

>emotional condition of the patient in ay proceeding in which he or she relies upon the condition as an element of his or her claim or defense, or after the patient's death, in any proceeding in which any party relies upon the condition as an element of his or her claim or defense.

Ark. R. Evid. 503.

Mr. Davidson cites *Harlan v. Lewis*, 982 F.2d 1255 (8th Cir. 1993), and contends that the waiver exception only applies to the medical condition for which he is seeking damages, which he claims here is an alleged shoulder injury. Mr. Davidson admits that, unlike *Harlan* which involved a federal court's diversity jurisdiction, his case involves federal claims giving rise to federal question jurisdiction (Dkt. No. 17, at 4). Arkansas privilege law does not control in this federal question case.

Instead, as Mr. Davidson recognizes, federal courts have leeway in a federal question case to apply state privilege on a case-by-case basis. Mr. Davidson cites *Hansen v. Allen Memorial Hospital*, 141 F.R.D. 115 (S.D. Iowa 1992), and argues for the application of the Arkansas privilege. Mr. Davidson maintains that, based on the reasoning in *Hansen*, this Court should recognize the physician-patient privilege in this case (Dkt. No. 17, at 9). *Hansen* involved claims arising under federal question and state law, and the court rejected application of the state law privilege in that case. 141 F.R.D. at 119, 124.

This Court is persuaded by the reasoning of a more recent district court decision arising in the Eighth Circuit, *Heilman v. Waldron*, 287 F.R.D. 467 (D. Minn. 2012), and determines that under the circumstances of this case the Court will not apply Arkansas Rule of Evidence 503. In *Heilman*, the district court examined whether in a suit brought pursuant to 42 U.S.C. § 1983 the court should apply Minnesota's physician-patient privilege to a discovery dispute. The district court declined to apply the Minnesota state privilege. This Court finds the reasoning in *Heilman* instructive.

Further, the Court determines that based on the specific claims alleged here and the relief Mr. Davidson seeks the Court will not apply the state privilege.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Mr. Davidson claims "pain and mental anguish" for the injury he alleges he suffered from the time of the alleged injury and into the future and seeks past, present, and future damages regarding claimed pain and suffering, medical expenses, and wages.  As a result, Mr. Davidson has put his past medical and employment history at issue in this lawsuit.  *See Capers v. National R.R. Passenger Corp.*, Case No. 4:14-cv-00692 SWW (E.D. Ark. Aug. 21, 2015) (Dkt. No. 39 (order ruling on motion to compel)); *Jones v. Union Pacific R.R. Co.*, Case No. 4:07-cv-01173-JLH (E.D. Ark. July 30, 2008) (Dkt. No. 19 (order ruling on motion to compel)).  Mr. Davidson has not affirmed that he will not offer expert testimony to support his claims nor has he confirmed that he will not rely upon medical records or medical testimony to prove his claims that Union Pacific's alleged conduct caused him "pain and mental anguish."  *See Schoffstall v. Henderson*, 223 F.3d 818, 822-23 (8th Cir. 2000); *Miles v. Century 21 Real Estate, LLC*, Case No. 4:05-cv-1088 GTE, 2006 WL 2711534 (E.D. Ark. Sept. 21, 2006).  For these reasons, defendants are entitled to obtain some discovery relating to Mr. Davidson's past medical care.

### III.     Conclusion

Aside from raising privilege, Mr. Davidson asserts no other basis in his response to the motion to compel for objecting to the discovery propounded by Union Pacific at issue in its motion

to compel.  The Court overrules Mr. Davidson's objection based upon claimed privilege for the reasons stated in this Order.  As a result, the Court grants Union Pacific's motion to compel (Dkt. No. 15).  The Court will not limit on its own motion Mr. Davidson's obligation to respond.

It is so ordered this 10th day of December, 2020.

_____
Kristine G. Baker
United States District Judge